UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSIM GALKIN,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | No.  2:26-cv-02351-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 3) |

On March 26, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 3.)  On March 27, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), where the court concluded that the petitioner's prior release on parole pursuant to 8 U.S.C. § 1182(d)(5) created a protected liberty interest in his continued release and that due process required that the respondents immediately release the petitioner and provide a pre-detention hearing before any re-detention.

1

On March 29, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 8.)  In that opposition, respondents argue first that, even pursuant to *Rocha Chavarria*, petitioner does not have a protected liberty interest in his continued release because his parole expired on April 21, 2023.  (*Id.* at 2–4.)  However, as has been recognized, "numerous courts in the Ninth Circuit have found that when a noncitizen is paroled under that section, his 'liberty interest does not expire along with his parole.'"  *D.L.C. v. Wofford*, — F. Supp. 3d —, 2026 WL 145646, at *4 (E.D. Cal. Jan. 20, 2026) (cleaned up) (collecting cases).  The court also observes that the government has created an implicit promise in petitioner's continued release by not attempting to re-detain petitioner upon the expiration of his parole but instead delaying any attempt to re-detain him for nearly three years.  *See id.* (finding that the petitioner had an implicit promise to not be re-detained where previously paroled, his parole had expired, but the respondents had not re-detained for three years); *see generally Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that the petitioner had a liberty interest in her continued release because the government had never attempted to detain her in the first place despite being aware of her immigration status).  Accordingly, the court rejects respondents' contention that petitioner lacks a liberty interest in his continued release.

Respondents next argue that petitioner should only receive a custody hearing because they detained petitioner due to conviction for disturbing the peace and that this detention was not pretextual because they immediately detained him after his release from jail.  (Doc. No. 8 at 4–5.)  Respondents assert that petitioner's detention is proper because his conviction indicates that he is a danger or risk of flight.  (*Id.*)  But respondents do not identify under what statutory authority petitioner would be detained such that this information is pertinent to the court's analysis.  Here, the undersigned the district court's analysis in *Elias C.M. v. Warden of Golden State Annex Detention Facility* to be both instructive and persuasive:

> Here, Petitioner gained a protected liberty interest in his continued freedom when he was released on parole in 2021.  Under *Morrissey*, this release was an implied promise that Petitioner would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release.  There is no indication Petitioner

violated those terms. Indeed, the Government's records show Petitioner was detained because of his prior arrest in Fresno County, not for violating the conditions of his release. As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings.

Petitioner's prior arrest for misdemeanor spousal battery does not alter this Court's analysis. The Government's records and oppositions do not identify a statutory basis for detention. Nor do they explain or provide authority validating the statement that Petitioner "is subject to detention due to [his] recent arrest in Fresno County for violating California Penal Code § 243(E)(1)," as a lawful conclusion.

No. 1:25-cv-02043-TLN-EFB, 2026 WL 127612, at *2–3 (E.D. Cal. Jan. 16, 2025) (cleaned up).

As in *Elias*, petitioner here was previously released on parole and respondents have failed to identify a statutory basis for his detention or any legal authority demonstrating that his purported misdemeanor conviction can serve as a basis for re-detention following his previous release on parole. Respondents argue that the undersigned had previously concluded that immediate release was inappropriate where the reason for re-detention was not obviously pretextual in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025). (Doc. No. 8 at 4–5.) However, in that case, the respondents argued that they had demonstrated changed circumstances under the applicable regulation on the basis that the petitioner had violated the terms of his supervised release. *O.A.C.S.*, 2025 WL 3485221, at *4–5. Notably, respondents have not claimed here that petitioner has violated the terms of his release, rendering their citation to the undersigned decision in *O.A.C.S.* inapposite. Accordingly, following the reasoning of *Elias*, the court finds that immediate release is the appropriate remedy in this case.

In their opposition, respondents also state that they does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing. (Doc. No. 6 at 4.)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on or about April 23, 2022 without inspection. (Doc. No. 1 at ¶ 15.) Petitioner encountered immigration authorities, was detained, and, on May 19, 2022, was placed into Section 240 removal proceedings. (*Id.* at ¶¶ 15–16.) Petitioner was

3

released from detention by immigration authorities on parole. (*Id.*)   On January 6, 2026, petitioner was re-detained by immigration authorities. (*Id.* at ¶ 17.)  Petitioner alleges that he has a misdemeanor battery charge pending against him in Boise, Idaho that would be resolved by a plea offer and respondents provide what purports to be a state court docket indicating that petitioner accepted that plea offer and was convicted of disturbing the peace. (*See id.* at ¶ 19; Doc. No. 8-2.)

Under the circumstances summarized above, the court incorporates and adopts the reasoning set forth in *Rocha Chavarria* and finds that petitioner has a protected liberty interest in his continued release.  Moreover, based on this reasoning, the court concludes that due process requires petitioner's immediate release.

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.     Respondents are ORDERED to immediately release petitioner from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on January 6, 2026;

b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2.     Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits; and

3.     The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **March 30, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE